## MASTEN vs. CUMMINGS.

*Chattel mortgage — Rights of mortgagee.*

Where, by consent· of the parties, mortgaged chattels are sold, and the money paid to the mortgagee, he has an absolute right to apply it to the payment of the morgage debt, and the mortgagor cannot direct its application to the payment of another debt due the mortgagee.

APPEAL from the Circuit Court for *Rock* County.

*Masten* gave *Cummings* two mortgages, each for a different debt: one upon several horses and some farming implements, the other upon certain growing crops. Part of the crops were sold, under direction of the parties, and *Cummings* received the money, which was not enough to pay both debts. Afterward, *Cummings* seized the horses and farming implements under the first mentioned mortgage; and *Masten* brought this action to recover them, alleging that at the time *Cummings* received the money arising from the sale of the crops, he directed him to apply it in satisfaction of the mortgage upon the property in controversy, and that *Cummings* agreed to do so. As to whether there had been such direction or agreement, the evidence was contradictory. Among other instructions, the circuit judge gave one which is recited in the opinion, *infra*, where the other material facts are stated. Verdict and judgment for plaintiff; and defendant appealed.

*Congar & Sloan*, for appellant.

*Williams & Sale*, for respondent, as to application of payments, cited 14 Am. Law Register, 193–257; 9 Cow. 760; 15 Wend. 19; 8 id. 403.

DIXON, C. J. The judgment in this · case must be reversed, for error in that part of the charge in which the jury were instructed as follows: "Again, if you find that the plaintiff, when he made the payments,

directed how they should be applied, and the defendant received it without objection, such direction and acceptance must govern, although there was no agreement on the subject." The payments here spoken of were the proceeds of the sales of certain wheat, of which the defendant held a mortgage from the plaintiff to secure the payment of a debt which the plaintiff then owed him. The wheat had been drawn to market and sold under the direction of both parties, and the money arising from the sales received by the defendant. It does not appear that the plaintiff was present when the money was received by the defendant, so that the instruction in this respect seems not exactly applicable to the facts. But the parties met soon after, when, in a conversation which took place between them, it is claimed that the plaintiff gave the direction in question. It was to that conversation, no doubt, that the court had reference in the instruction. But whether the plaintiff was present and gave the direction when the defendant received the money, or undertook to do so afterward, is wholly immaterial. In either case it was beyond the power of the plaintiff, by any direction he might then give, to control the application of the money in the hands of the defendant until the debt secured by the mortgage was first extinguished. The making of the mortgage was itself an appropriation of the proceeds of the sales of the wheat to the payment of that debt, which it was then wholly incompetent for the mortgagor to revoke, especially where such revocation would operate to the injury of the mortgagee. The object of the plaintiff in attempting to give the direction seems to have been to compel the defendant to apply the money realized from the sales of the wheat in satisfaction of another debt which he owed the defendant, and for which he had given the defendant another mortgage upon other property. The result of this operation would be to relieve the property covered by one mortgage by the sale of

that included in the other, and so to deprive the defendant of the whole or a part of his security for one of the debts. Whether the plaintiff could do this, was one of the points involved in this action; and it seems so obvious that he could not, and that the court was entirely wrong in the instruction, that further comment is deemed unnecessary.

*By the Court.* — Judgment reversed, and a *venire de novo* awarded.